IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORVIS WAYNE PORTER <br> (TDCJ No. 1905515), <br><br> Petitioner, <br><br> V. <br><br> LORIE DAVIS, Director <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | No. 3:16-cv-3095-K-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Orvis Wayne Porter, a Texas inmate, proceeding *pro se*, has filed an application for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons explained below, Porter's application as amended should be denied, and the Court also should deny his pending motions, including those seeking further leave to amend.

**Applicable Background**

"A jury found Orvis Wayne Porter guilty of unauthorized use of a motor vehicle, and the trial court assessed punishment, enhanced by two prior felony convictions, at ten years' imprisonment." *Porter v. State*, No. 05-11-01087-CR, 2013 WL 222271, at *1 (Tex. App. – Dallas Jan. 17, 2013); *see State v. Porter*, No. F10-24557-J (Crim. Dist. Ct. No. 3, Dallas Cty., Tex.). His conviction and sentence were affirmed on appeal. *See generally Porter*, 2013 WL 222271 (rejecting his single appellate issue, that he was denied constitutionally effective assistance of counsel). And the Texas Court of

-1-

Criminal Appeals (the "CCA") refused his petition for discretionary review. *See Porter v. State*, PD-0110-13 (Tex. Crin. App. July 14, 2013).

Among other efforts, Porter challenged his state conviction and sentence through two properly-filed state habeas applications, both of which were denied by the CCA without written orders on the trial court's findings without a hearing. *See Ex parte Porter*, WR-50,653-07, -08 (Tex. Crim. App.).

Porter's timely Section 2254 application raises multiple grounds asserting that his trial counsel was constitutionally ineffective.

## Legal Standards

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g., Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by [the Antiterrorism and Effective Death

Penalty Act of 1996 (the "AEDPA")]" under "28 U.S.C. § 2254(d)").

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. ___, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the AEDPA prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Id.* at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. ___, 134 S. Ct. 10, 16 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunctio[n] for which federal habeas relief is the remedy." (internal quotation marks and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination

of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a

federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc))).

In sum, Section 2254 creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of counsel ("IAC"), whether at trial or on direct appeal, under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Smith v. Robbins*, 528 U.S. 259, 285 (2000) ("the proper standard for evaluating [a] claim that appellate counsel was ineffective ... is that enunciated in *Strickland*" (citing *Smith v. Murray*, 477 U.S. 527, 535-36 (1986))).

Under *Strickland*, a habeas petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness, *see* 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose

-6-

result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover,"[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington*, 562 U.S. at 110. "The Supreme Court has admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

Therefore, on habeas review under AEDPA, "if there is any 'reasonable argument that counsel satisfied *Strickland*'s deferential standard,' the state court's denial must be upheld." *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) (quoting

-7-

*Harrington*, 562 U.S. at 105).

To demonstrate prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case." *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112.

IAC claims are considered mixed questions of law and fact and are therefore analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated ineffective-assistance claims on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *see also Rhoades*, 852 F.3d at 434 ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly

deferential look at counsel's performance through the deferential lens of § 2254(d)." (citation omitted)).

In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

In other words, AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland*. *See id.* at 101-02. Instead, on federal habeas review of a claim that was fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101; *see also Woods v. Etherton*, 578 U.S. ___, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of ineffective-assistance-of-counsel claims is "doubly deferential" "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'"; therefore, "federal courts are to afford 'both the state court and the defense attorney the benefit of the doubt'" (quoting *Burt*, 134 S. Ct. at 17, 13)).

**Analysis**

It is difficult to decipher the particular IAC grounds that Porter seeks to assert

in this Court. *See generally* Dkt. Nos. 3 & 4 (petition and brief); *see also* Dkt. Nos. 18, 24, 29, & 32 (motions for leave to amend or supplement petition). But the undersigned agrees with Respondent's interpretation that Porter's habeas application presents IAC claims based on counsel's failure to challenge sentencing enhancements; counsel's failure to seek a mental health evaluation and competency hearing; and counsel's alleged failure to investigate or present mental health mitigating evidence.

Faced with federal habeas grounds presented in a confusing manner, the standards set out above provide a road map. As to the IAC claims that Porter has properly exhausted in state court, this Court's task is not to review the conduct of Porter's state-court counsel under *Strickland* but to review whether the state-court adjudications as to the *Strickland*-based claims were unreasonable. And, to the extent that any IAC ground Porter raises now contains "material additional factual allegations and evidentiary support ... that were not presented to the state court," those grounds are unexhausted. *Campbell v. Dretke*, 117 F. App'x 946, 957 (5th Cir. 2004) ("'The exhaustion requirement is satisfied when the substance of the habeas claim has been fairly presented to the highest state court' so that a state court has had a 'fair opportunity to apply controlling legal principles to the facts bearing on the petitioner's constitutional claim.'" (quoting *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004))); 28 U.S.C. § 2254(b)(1)(A).[1]

---

[1] *See also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity

The undersigned therefore begins by analyzing the state-court adjudications as to IAC claims fairly presented to the CCA. *See Ex parte Porter*, WR-50,653-07, -08 (Tex. Crim. App.); *see* Dkt. No. 20-51 at 105-09 (findings of fact, conclusions of law, and order related to -07 proceeding); Dkt. No. 20-59 at 174-83 (findings of fact and conclusions of law and trial counsel's sworn affidavit related to -08 proceeding); *see also* Dkt. No. 20-59 at 105 (finding that, because, at that time, the -07 application was "still pending, the [-08] application [was] not a subsequent application ... but a supplemental application to the previous application" (citing TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a))).

In the -07 proceeding, the state court rejected Porter's claim that his appellate counsel was constitutionally ineffective because counsel failed to raise on appeal the sufficiency of the evidence as to Porter's prior convictions used for enhancement purposes. As to the two prior convictions used for enhancement purposes, both for burglary of a habitation, the state court found that sufficient evidence (the penitentiary packets and a comparison of Porter's fingerprints) supported that the convictions exist and that Porter is linked to both. The state court then found that "it would have been futile for appellate counsel to challenge the sufficiency of the evidence to support the prior convictions." Dkt. No. 20-51 at 108; *see United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("'Counsel is not deficient for, and prejudice does not issue from, failure

---

of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))).

to raise a legally meritless claim.'" (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990))).

The undersigned cannot find that this determination amounts "to an unreasonable application of *Strickland* or an unreasonable determination of the evidence." *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2)).

In the -08 proceeding, the state court obtained a sworn affidavit from Porter's trial counsel, George E. Ashford, III, *see* Dkt. No. 20-59 at 182-83, and found counsel to be "a trustworthy individual and that the statements made by him in his affidavit are worthy of belief," *id.* at 175; *cf. Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) ("A trial court's credibility determinations made on the basis of conflicting evidence are entitled to a strong presumption of correctness and are 'virtually unreviewable' by the federal courts." (quoting *Moore v. Johnson*, 194 F.3d 586, 605 (5th Cir. 1999))). The state court then rejected Porter's specific Sixth-Amendment allegations, including the following:

> The Court finds that Applicant's claim that counsel failed to file pretrial motions is not supported by any evidence that such pretrial motions were necessary or would have changed the outcome of either phases of Applicant's trial and he has therefore failed to show that he was prejudiced by such an alleged failure.
> The Court finds that Applicant's claim that counsel failed to present mitigating evidence of his alleged mental illness is not supported by the evidence. In his application Applicant produces a two page report from the Dallas County jail; the first page of which references follow-up notes compiled on February 6, 2009 and second a progress note dated June 3, 2010. Neither of these reports references a serious mental illness that would have mitigated Applicant's punishment and the second page indicates a diagnosis of Antisocial behavior which would have been

evidence of aggravation if presented at trial. In addition, Applicant testified in the punishment stage of his trial, and emphasized his long standing drug problem as being responsible for his criminal history rather than any mental illness.

The Court finds that Applicant's claim that counsel failed to investigate his prior convictions is not supported by the evidence. The record reflects that Applicant admitted to nearly all of his prior convictions. As to the enhancement provisions the record reflects that Applicant committed the offense of Burglary of a Habitation on July 31, 1992 and that his probation was revoked on July 31, 1998 and he was sentenced to five years confinement on that date. It further reflects that Applicant was subsequently convicted of an additional Burglary of a Habitation which occurred on October 7, 1999 and was sentenced to five years confinement on February 3, 2000. These convictions are further confirmed by [Texas Department of Criminal Justice] records.

The Court finds no merit in Applicant's claim that his counsel failed to consult with him regarding his case, failed to communicate with him, and failed to visit him in jail. As reflected in his affidavit, counsel hired an investigator to assist in the preparation of Applicant's defense and brought another attorney into the case to assist him at trial To the contrary the Court finds that trial counsel took great care to insure that Applicant understood the proceedings by bringing him before the Court for on the record admonishments on three separate occasions.

The Court finds that Applicant was not denied effective assistance of counsel by trial counsel's failure to request a mental health evaluation. The trial record reflects that Applicant was competent to stand trial in that he understood the charges against him and the consequences of conviction and that he was able to communicate effectively with his trial counsel if he chose to do so.

The Court finds that there was no error in failing to hold a competency hearing before accepting Applicant's guilty plea. Applicant did not raise the issue of competency prior to his plea nor request such a hearing. Applicant did discuss unspecified mental issues with the Court, but understood the several admonishments administered to him by the Court.

Dkt. No. 20-59 at 176-78 (citations omitted).

None of the state court's determinations in the -08 proceeding, including those set out above, amounts "to an unreasonable application of *Strickland* or an unreasonable determination of the evidence." *Garza,* 738 F.3d at 680.

Turning to any other IAC (or other) grounds that Porter has raised in this Court or seeks to add to this proceeding through his pending motions for leave to amend, *see* Dkt. Nos. 29 & 32, as stated above, those grounds are unexhausted.

And unexhausted claims should be found procedurally barred if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Texas law precludes successive habeas claims except in narrow circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 11.071, § 5. This is a codification of the judicially created Texas abuse-of-the-writ doctrine. *See Barrientes v. Johnson*, 221 F.3d 741, 759 n.10 (5th Cir. 2000). Under this state law, a habeas petitioner is procedurally barred from returning to the Texas courts to exhaust his claims unless the petitioner presents a factual or legal basis for a claim that was previously unavailable or shows that, but for a violation of the United States Constitution, no rational juror would have found for the State. *See id.* at 758 n.9. Therefore, unexhausted claims that could not make the showing required by this state law would be considered procedurally barred from review on the merits in this Court unless an exception is shown. *See Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001).

An exception to this bar allows federal habeas review if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Any unexhausted claims made here are procedurally barred because Porter has not shown that those claims would be allowed in a subsequent habeas proceeding in state court under Texas law. Nor has he asserted the "fundamental miscarriage of justice" exception to procedural bar.

Failure to exhaust, moreover, is the reason for this Court to deny Porter's pending motions for leave to amend as futile to the extent that, through those motions, Porter seeks to add claims that have not been fairly presented to the CCA. *See Sixta v. Quarterman*, Civ. A. No. H-07-0118, 2007 WL 2746951, at *2 (S.D. Tex. Sept. 19, 2007) ("Petitioner's motion to amend unexhausted claims is futile because, if granted, it would require this court to dismiss his entire amended petition."); *Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted." (citing *Rhines v. Weber*, 544 U.S. 269, 274 (2005))); *see also Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (under Federal Rule of Civil Procedure 15(a), "'a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal'" (quoting *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208 (5th Cir. 2009); internal quotation marks omitted)); Rule 11, RULES GOVERNING SECTION 2254 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (the Federal Rules of Civil Procedure generally apply to Section 2254 proceedings).

And Porter has not shown that the limited stay-and-abeyance procedure authorized by *Rhines* should be applied here. *See Williams v. Thaler*, 602 F.3d 291, 309

(5th Cir. 2010) ("When a petitioner brings an unexhausted claim in federal court, stay and abeyance is appropriate when the district court finds that there was good cause for the failure to exhaust the claim; the claim is not plainly meritless; and there is no indication that the failure was for purposes of delay." But, "[b]ecause a stay and abeyance has the potential to 'frustrate[ ] AEDPA's objective of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings,' the Supreme Court has stated that 'stay and abeyance should be available only in limited circumstances.'" (citing *Rhines*, 544 U.S. at 277-78; quoting *id.* at 277)); *see, e.g., Spells v. Lee*, No. 11-CV-1680 (KAM)(JMA), 2012 WL 3027865, at *4-*6 (E.D.N.Y. July 23, 2012) (denying motion for leave to amend and to stay to permit exhaustion of IAC claims, concluding "that petitioner has failed to establish good cause, let alone *any* cause, for failing to exhaust his ineffective assistance of trial counsel claim in state court before filing his habeas petition in federal court" (citations omitted; emphasis in original)).

## Recommendation

The Court should deny the application for writ of habeas corpus as amended, *see* Dkt. Nos. 3, 18, 19, 24, & 27; deny the pending motions for leave to amend, *see* Dkt. Nos. 29 & 32; and deny Porter's remaining pending motions, *see* Dkt. Nos. 52, 53, 54, & 55.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 12, 2017

                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE